JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Babak Rostami,

Plaintiff,

-against-

Experian Information Solutions, Inc.; TransUnion, LLC; and AmeriCredit Financial Services, Inc. d/b/a GM Financial,

Defendant(s).

Case No.:

**COMPLAINT** for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

**DEMAND FOR JURY TRIAL**

Plaintiff Babak Rostami ("Plaintiff"), by and through his attorneys, and as for his complaint against Defendant Transunion, LLC ("Transunion"), Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial") respectfully sets forth, complains, and alleges, upon information and belief, the following

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of California, County of Los Angeles.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Trans Union, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of California, and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA, 95833.

7. At all times material here to Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio

corporation registered to do business in the State of California, and may be served with process upon the C T Corporation System, its registered agent for service of process at 330 N Brand Blvd Ste 700, Glendale, CA 91203.

10. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

12. AmeriCredit Financial Services, Inc. d/b/a GM Financial is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, c/o Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, its registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

**FACTUAL ALLEGATIONS**

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

14. This Complaint pertains to a GM Financial account with account number 11201821XXXX ("Account").

15. Plaintiff took out an auto lease with GM Financial on December 10, 2018.

16. Plaintiff had autopay set up on the Account.

17. Plaintiff never had a missed payment on his Account.

18. At the maturity of the lease, Plaintiff opted to extend his lease term.

19. Plaintiff submitted the necessary paperwork to extend the lease.

20. Plaintiff was not informed that anything was required of him to extend the autopay on his Account.

21. Plaintiff made no change to the autopay on the Account.

22. Plaintiff expected autopay would continue in the same manner since the Account was opened on December 10, 2018 and he had not had any issues with autopay throughout the duration of the lease period.

23. Had Plaintiff been made aware that his autopay would be disabled with the extension of the lease, he would have made other payment arrangements.

24. Plaintiff would have made timely manual payments on his Account.

25. Plaintiff was not notified that the autopay was not withdrawing payments until GM Financial began reporting to the Bureaus "90 days late".

26. Plaintiff immediately contacted GM Financial to make payments and bring his Account current.

GM Financial Dispute and Violation

27. Upon information and belief, on a date better known to Transunion and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to the Account.

28. The inaccurate information furnished by GM Financial and published by the Bureaus is inaccurate since the Account is listed with 90 days late notation.

29. A 90-day late notation on Plaintiff's credit report is a serious delinquency, which has a substantial impact of Plaintiff's perceived creditworthiness.

30. In fact, Plaintiff has no other derogatory accounts on his credit reports.

31. Plaintiff sent dispute letters dated February 17, 2023 to Transunion and Experian regarding the inaccurate credit information reporting on his credit reports.

32. In his dispute, Plaintiff explained the background story of the Account.

33. Transunion reports Plaintiff late for September, October, November, and December of 2022.

34. Experian reports Plaintiff late for July, August, September, and October of 2022.

35. Once Plaintiff was made aware that the Furnisher was not withdrawing payments using the autopay function, Plaintiff made payments on what was owed and closed his Account in January 2023.

36. Plaintiff does not have any outstanding debt with General Motors related to the Account.

37. Plaintiff applied for a mortgage loan from Cornerstone First Mortgage and received a letter on April 21, 2023 advising him that he would "be paying a higher interest rate" due to the "Americredit/GM Financial account" on Plaintiffs credit reports.

38. Based on the Account, a licensed mortgage banker advised Plaintiff "it would not make sense for you to Purchase this Property."

39. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

40. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

41. It is believed and therefore averred that the Bureaus notified GM Financial of the Plaintiff's dispute.

42. Upon receipt of the disputes of the Account from the Plaintiff by the Bureaus, GM Financial failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

43. Had GM Financial done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to GM Financial that Plaintiff's autopay not withdrawing payments due to no fault of Plaintiff.

44. Despite the dispute by Plaintiff that the information on his consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

45. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

46. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the Account was improperly notated as a seriously derogatory Account.

47. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

48. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**FIRST CAUSE OF ACTION**

**(Willful Violation of the FCRA as to the Bureaus)**

49. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

50. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

51. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

52. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

53. 53. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

54. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

55. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Babak Rostami individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

**SECOND CAUSE OF ACTION**

**(Negligent Violation of the FCRA as to the Bureaus)**

56. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

57. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

58. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

59. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

60. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

61. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

62. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Babak Rostami individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

**THIRD CAUSE OF ACTION**

**(Willful Violation of the FCRA as to GM Financial)**

63. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

64. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

65. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

66. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

67. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

68. GM Financial violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

69. As a result of the conduct, action and inaction of GM Financial, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

70. The conduct, action and inaction of GM Financial was willful, rendering GM Financial liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

71. The Plaintiff is entitled to recover reasonable costs and attorney's fees from GM Financial in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Babak Rostami individual demands judgement in his favor against GM Financial in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

**FOURTH CAUSE OF ACTION**

**(Negligent Violation of the FCRA as to GM Financial)**

72. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

73. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

74. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

75. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

76. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

77. GM Financial is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

78. After receiving the Dispute Notice from the Bureaus, GM Financial negligently failed to conduct its reinvestigation in good faith.

79. A reasonable investigation would require a furnisher such as GM Financial to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

80. The conduct, action and inaction of GM Financial was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

81. As a result of the conduct, action and inaction of GM Financial, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

82. The Plaintiff is entitled to recover reasonable costs and attorney's fees from GM Financial in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Babak Rostami individual, demands judgement in his favor against GM Financial for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

**DEMAND FOR TRIAL BY JURY**

83. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: June 19, 2023

THE LAW OFFICES OF
JONATHAN A. STIEGLITZ

By: /s/ Jonathan A Stieglitz

Jonathan A Stieglitz